**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REYNANTE PRE, | No. 12-55468 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-00890-W-WMC |
| v. | |
| V. M. ALMAGER, Warden and BILL LOCKYER, Attorney General of the State of California, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted November 5, 2013
Pasadena, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Petitioner, Reynante Pre, appeals the district court's denial of his petition for

a writ of habeas corpus.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Pre challenges the California Court of Appeal's determination that his torture conviction was supported by sufficient evidence. The California Court of Appeal held that "[a] reasonable jury could have concluded [that the] injuries were inflicted when [the victim] was unconscious, that is, during a period when Pre could have left the apartment if his intent had only been to take her purse or to defend himself against her attack and that these injuries were inflicted for the purpose of inflicting severe pain for revenge or Pre's sadistic pleasure." *People v. Pre*, 11 Cal. Rptr. 3d 739, 745 (Ct. App. 2004). Given the undisputed fact that Pre choked his victim until she was unconscious, remained in her apartment and bit her ear causing injuries that required one hundred stitches, and once again choked Rose until she was unconscious a second time, the California Court of Appeal's determination that the evidence was sufficient to support Pre's torture conviction was not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor was it "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2).

Pre's ineffective assistance of counsel claim based on his trial counsel's failure to interview the victim fails because Pre offers no proof that his trial counsel failed to interview the victim, nor does Pre offer any evidence of what an interview with the victim would have yielded that would have been beneficial to

his defense. Moreover, Pre's confession was videotaped and offered as evidence at trial by the prosecution. Therefore, the California Court of Appeal's decision was not "unreasonable" because Pre did not satisfy *Strickland*'s prejudice prong, which requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 28 U.S.C. § 2254(d)(1)-(2); *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Finally, Pre's ineffective assistance of counsel claim based on his trial counsel's failure to object to Jury Question Three likewise fails because Pre did not show that had his trial counsel objected to the jury question, there would have been "a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Pre cannot meet the highly deferential standard required by the combination of 28 U.S.C. § 2254(d)(1)-(2) and *Strickland*. *See Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) ("The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.") (internal quotation marks and citations omitted).

**AFFIRMED.**